No. 15-11928-DD

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

———————

JOHN LAWSON SIMONS,

*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION
No. 5:11-cv-08027-CLS-TMP
No. 5:11-cv-08028-CLS-TMP

———————

## SUPPLEMENTAL APPENDIX

———————

JOYCE WHITE VANCE
United States Attorney
Northern District of Alabama

RAMONA C. ALBIN
Assistant United States Attorney

United States Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama  35203
(205) 244-2001

# Index of Supplemental Appendix[1]

Docket Sheets (5:08-cr-00247-CLS-TMP and 5:08-cr-00408-CLS-TMP)............. A

## 5:08-cr-00247-CLS-TMP (Cr. A)

Indictment................................................................................ 1

Guilty Plea Advice of Rights Certification ............................................. 10

Judgment................................................................................. 15

## 5:08-cr-00408-CLS-TMP (Cr. B)

Indictment................................................................................ 1

Judgment................................................................................. 17

## 5:11-cv-08027-CLS-TMP (Cv. A)

Order Dismissing Case .................................................................. 21

## 5:11-cv-08028-CLS-TMP (Cv. B)

Response to Order Regarding Amendment and Answer ........................................ 14

---

[1] There are some incorrect references in the Government's Redacted Brief. They are p. 11 Cr. B-Doc. 8-4 at 4 (correct cite is Cv. B-Doc. 8-4 at 4); p. 12 Cr. B-Doc. 8-4 at 14 (correct cite is Cv. B-Doc. 8-4 at 14); and p. 14 Cv. B-Doc. 6 at 16-24 (correct cite is Cv. B-Doc. 8 at 16-24).

Order Dismissing Case ............................................................................ 30

Certificate of Service



# 5:08-CR-00247-CLS-TMP

CLOSED

# U.S. District Court
## Northern District of Alabama (Northeastern)
## CRIMINAL DOCKET FOR CASE #: 5:08-cr-00247-CLS-TMP-1

Case title: USA v. Simons

Date Filed: 06/26/2008
Date Terminated: 08/09/2010

---

Assigned to: Judge C Lynwood Smith, Jr
Referred to: Magistrate Judge T Michael Putnam

### Defendant (1)

**John Lawson Simons**
*TERMINATED: 08/09/2010*

represented by **John Lawson Simons**
27151-001
Tucson U. S. Penitentiary
P O Box 24550
Tucson, AZ 85734
PRO SE

**Paul Marc Sandlin**
223 East Side Square
Huntsville, AL 35801
256-536-6183
Fax: 256-534-8117
Email: pmsandlin@mindspring.com
*LEAD ATTORNEY*
*Designation: Retained*

**J Derek Drennan**
KIRK DRENNAN LAW
500 Office Park Drive Suite 100
Birmingham, AL 35223
205-803-3500
Fax: 205-803-1101
Email: derek@kirkdrennanlaw.com
*ATTORNEY TO BE NOTICED*

**Marcus J E Helstowski**
MCDANIEL & MCDANIEL LLC
223 East Side Square
Huntsville, AL 35801
256-534-3018
Fax: 256-534-8117

Email: mhelstowski@yahoo.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2252A(a)(5)(B) ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO (1) | BOP 120 mos as to cnt 1; |
| 18:2423(b) COERCION OR ENTICEMENT OF MINOR FEMALE (2-10) | BOP 360 mos as to cnts 2-12 to run sep/concur w/each other and w/ctn 1 and to run concur with sentences imposed in NDAL case #CR 08-S-408-NE; |
| 18:2423(a) COERCION OR ENTICEMENT OF MINOR FEMALE (11) | BOP 360 mos as to cnts 2-12 to run sep/concur w/each other and w/ctn 1 and to run concur with sentences imposed in NDAL case #CR 08-S-408-NE; |
| 18:2251(a) SELLING OR BUYING OF CHILDREN (12) | BOP 360 mos as to cnts 2-12 to run sep/concur w/each other and w/ctn 1 and to run concur with sentences imposed in NDAL case #CR 08-S-408-NE; SRT Life; No Fine; AF $1200.00 |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**
None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                        represented by  **Joyce White Vance, US Attorney**
                                               US ATTORNEY'S OFFICE
                                               1801 4th Avenue North

Birmingham, AL 35203-2101
244-2001
Email: usaaln.ecfusa@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**US Probation**
UNITED STATES PROBATION
OFFICE
Robert Vance Bldg.
1800 5th Avenue North
Birmingham, AL 35203
716-2900
Email:
alnpdb_cmecf@alnp.uscourts.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**USM**
UNITED STATES MARSHAL
Hugo Black Courthouse, Room 240
1729 5th Avenue North
Birmingham, AL 35203
205-731-1712
Email: usms-aln-courts@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Stuart Burrell**
US ATTORNEY'S OFFICE
400 Meridian Street, Suite 304
Huntsville, AL 35801
256-534-8285
Fax: 256-539-3270
Email: mary.stuart.burrell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2008 | 1 | INDICTMENT as to John Lawson Simons (1) count(s) 1, 2-10, 11, 12. (DWC, ) (Additional attachment(s) added on 7/8/2008: # 1 Sealed Signed Indictment) (HBB, ). (Entered: 06/27/2008) |
| 06/30/2008 | | Arrest of John Lawson Simons (SHB, ) (Entered: 06/30/2008) |
| 06/30/2008 | | Minute Entry for proceedings held before Magistrate-Judge Harwell G Davis, III:Initial Appearance as to John Lawson Simons held on 6/30/2008; charges and rights explained; Added attorney Paul Marc Sandlin for John Lawson Simons as retained counsel although not present; Mary Stuart Burrell for govt.; |

| | | |
|---|---|---|
| | | govt. requested detention; Arraignment and Detention Hearing set for 7/2/2008 01:30 PM before Magistrate-Judge Harwell G Davis III in Huntsville, AL; dft remanded to custody of USM; hrg adj. (Tape #DVR.) (SHB, ) (Entered: 06/30/2008) |
| 07/01/2008 | 2 | STANDING DISCOVER ORDER w/deadlines and instructions set out as to John Lawson Simons. Signed by Magistrate Judge Paul W Greene on 7/1/2008. (HBB, ) (Entered: 07/01/2008) |
| 07/01/2008 | 3 | SCHEDULING ORDER AND NOTICE w/deadlines and instructions set out as to John Lawson Simons. Signed by Magistrate Judge Paul W Greene on 7/1/2008. (HBB, ) (Entered: 07/01/2008) |
| 07/02/2008 | 4 | ORDER OF DETENTION Pending Trial as to John Lawson Simons. Signed by Magistrate-Judge Harwell G Davis, III on 7/2/2008. (DWC, ) (Entered: 07/02/2008) |
| 07/02/2008 | | Minute Entry for proceedings held before Magistrate-Judge Harwell G Davis, III:Arraignment as to John Lawson Simons (1) Count 1,2-10,11,12 held on 7/2/2008; Marc Sandlin retained and present for dft; Mary Stuart Burrell present for govt; dft wvd rdg of indictment and entered plea of not guilty; Detention Hearing as to John Lawson Simons held on 7/2/2008; direct and cross-examination of govt. witness Aaron Cravens; dft proffers potential 3rd party custodian; finding that dft has not overcome rebuttable presumption and no condition or set of conditions can ensure safety of community; dft ordered detained pending disposition of case- written order to be entered; dft remanded to custody of USM; hrg adj. (Court Reporter Christina Decker.) (SHB, ) (Entered: 07/02/2008) |
| 07/03/2008 | 5 | NOTICE OF ATTORNEY APPEARANCE: Paul Marc Sandlin appearing for John Lawson Simons (Sandlin, Paul) (Entered: 07/03/2008) |
| 07/03/2008 | 6 | REQUEST for Disclosure by John Lawson Simons (Sandlin, Paul) (Entered: 07/03/2008) |
| 07/28/2008 | 7 | RESPONSE to by USA as to John Lawson Simons *Response to Defendant's Request for Disclosure* (Burrell, Mary) (Entered: 07/28/2008) |
| 09/17/2008 | 8 | First MOTION to Continue by John Lawson Simons. (Sandlin, Paul) (Entered: 09/17/2008) |
| 09/19/2008 | 9 | WAIVER of Speedy Trial by John Lawson Simons (SHB, ) (Entered: 09/19/2008) |
| 01/15/2009 | | NOTICE as to John Lawson Simons: Change of Plea Hearing, in this case and CR 08-S-408-NE, is set for January 23, 2009 at 10:00 a.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 01/15/2009) |
| 01/16/2009 | | NOTICE as to John Lawson Simons: Change of Plea Hearing, in this case and CR 08-S-408-NE, presently set for 1/23/09 is RESET for January 28, 2009 at 10:00 a.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama (LCW, ) (Entered: 01/16/2009) |
| | | |

| 01/28/2009 | | Minute Entry for proceedings held before Judge C Lynwood Smith, Jr: Change of Plea Hearing as to John Lawson Simons held on 1/28/2009, Plea entered by John Lawson Simons (1) Guilty Count 1,2-10,11,12. defendant remanded to custody pending sentencing set for 6/17/2009 at 10:00 a.m. in Huntsville, Alabama. (see also CR 08-S-408-NE)(Court Reporter Christina Decker.) (LCW) (Entered: 02/23/2009) |
|---|---|---|
| 01/28/2009 | 10 | GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION by John Lawson Simons, filed in court on 1/28/2009. (LCW) (LCW, ). (Entered: 02/23/2009) |
| 06/05/2009 | 11 | Notice of Appearance by Marcus Helstowski for defendant John Lawson Simons. (Helstowski, Marcus) Modified on 6/5/2009 (SHB, ). (Entered: 06/05/2009) |
| 01/19/2010 | | NOTICE as to John Lawson Simons: Sentencing in this case and CR 08-S-480-NE is set for February 4, 2010 at 10:00 a.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 01/19/2010) |
| 02/03/2010 | | NOTICE as to John Lawson Simons: Sentencing, in this case and CR08-S-408-NE, presently set for 2/4/10 is RESCHEDULED for February 10, 2010 at 1:30 p.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 02/03/2010) |
| 02/09/2010 | 12 | SENTENCING MEMORANDUM by USA as to John Lawson Simons (Burrell, Mary) (Entered: 02/09/2010) |
| 02/09/2010 | | NOTICE as to John Lawson Simons: Sentencing in this case and CR 08-S-408-NE, presently set for 2/10/2010 is RESET for March 3, 2010 at 10:00 a.m., before Judge C Lynwood Smith Jr. at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) Modified on 2/9/2010 (LCW, ). (Entered: 02/09/2010) |
| 06/24/2010 | | NOTICE OF HEARING as to John Lawson Simons; Sentencing in this case and CR 08-S-408-NE is set for June 29, 2010 at 1:30 p.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 06/24/2010) |
| 06/29/2010 | | Minute Entry for proceedings held before Judge C Lynwood Smith, Jr: Sentencing held on 6/29/2010 for John Simons: Sentence: Custody of BOP 10 years as to Count 1, and 30 years as to Counts 2-12, separately, with each count to run concurrently with the other and to run concurrently with the sentences imposed in NDAL case no. CR 08-S-408-NE; Supervised release term - Life as to counts 1-12 in this case, with special conditions; no fine; special assessment $1,200.00; defendant remanded to custody of USM; (SEE ALSO, CR 08-S-408-NE)(Court Reporter Christina Decker.) (LCW) Modified on 8/9/2010 (LCW, ). (Entered: 08/09/2010) |
| 08/09/2010 | 13 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to John Lawson Simons filed w/USP (HBB, ) (Entered: 08/09/2010) |
| 08/09/2010 | 14 | Sentencing Recommendations (Sealed) as to John Lawson Simons filed w/USP (HBB, ) (Entered: 08/09/2010) |

| 08/09/2010 | 15 | JUDGMENT as to John Lawson Simons (1), Count(s) 1, BOP 120 mos as to cnt 1; BOP 360 mos as to cnts 2-12 to run sep/concur w/each other and w/ctn 1 and to run concur with sentences imposed in NDAL case #CR 08-S-408-NE; SRT Life; No Fine; AF $1200.00. Signed by Judge C Lynwood Smith, Jr on 8/9/2010. (HBB, ) (Entered: 08/09/2010) |
|---|---|---|
| 06/27/2011 | 16 | MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 5:11-CV-8027-CLS-PWG.) by John Lawson Simons. (Attachments: # 1 Brief in Support of Motion to Vacate (2255))(AHI) (Entered: 06/27/2011) |
| 10/28/2014 | 17 | MOTION for Writ of Habeas Corpus ad testificandum by John Lawson Simons. (Drennan, J) (Entered: 10/28/2014) |
| 10/28/2014 | | Case as to John Lawson Simons Reassigned to Magistrate Judge Staci G Cornelius. Magistrate Judge Paul W Greene no longer assigned to the case. (HBB, ) (Entered: 10/28/2014) |
| 10/28/2014 | | Case as to John Lawson Simons Reassigned to Magistrate Judge T Michael Putnam. Magistrate Judge Staci G Cornelius no longer assigned to the case. Purusuant to direction of the court re: 2255 case CV 11-8027 (HBB, ) (Entered: 10/28/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/09/2016 09:51:01 | | |
| **PACER Login:** | xq0004:3388745:4299065 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 5:08-cr-00247-CLS-TMP |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# 5:08-CR-00408-CLS-TMP

CLOSED

# U.S. District Court
## Northern District of Alabama (Northeastern)
## CRIMINAL DOCKET FOR CASE #: 5:08-cr-00408-CLS-TMP-1

Case title: USA v. Simons

Date Filed: 10/28/2008
Date Terminated: 08/10/2010

---

Assigned to: Judge C Lynwood Smith,
Jr
Referred to: US Magistrate Judge T
Michael Putnam

**Defendant (1)**

**John Lawson Simons**
*TERMINATED: 08/10/2010*

represented by **James M Kendrick**
2229 Morris Avenue
Birmingham, AL 35203
205-252-3233
Fax: 205-278-3430
Email: jkendrick@lawyer.com
*TERMINATED: 11/18/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**Marcus J E Helstowski**
MCDANIEL & MCDANIEL LLC
223 East Side Square
Huntsville, AL 35801
256-534-3018
Fax: 256-534-8117
Email: mhelstowski@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *Retained*

**Paul Marc Sandlin**
223 East Side Square
Huntsville, AL 35801
256-536-6183
Fax: 256-534-8117
Email: pmsandlin@mindspring.com
*LEAD ATTORNEY*
Designation: *CJA Appointment*

**J Derek Drennan**
KIRK DRENNAN LAW
500 Office Park Drive Suite 100
Birmingham, AL 35223
205-803-3500
Fax: 205-803-1101
Email: derek@kirkdrennanlaw.com
*ATTORNEY TO BE NOTICED*

| Pending Counts | Disposition |
|---|---|
| 18:1470 TRANSFER OF OBSCENE MATERIALS TO MINORS (1) | CBP 10 yrs sep/concur |
| 18:2423(b) COERCION OR ENTICEMENT OF MINOR FEMALE (2-3) | CBP 30 yrs sep/concur |
| 18:1470 TRANSFER OF OBSCENE MATERIALS TO MINORS (4) | CBP 10 yrs sep/concur |
| 18:2251(a) SELLING OR BUYING OF CHILDREN (5) | CBP 30 yrs sep/concur |
| 18:2252A(a)(1) ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO (6) | CBP 20 yrs sep/concur |
| 18:2423(b) COERCION OR ENTICEMENT OF MINOR FEMALE (7-9) | CBP 30 yrs sep/concur |
| 18:2423(a) COERCION OR ENTICEMENT OF MINOR FEMALE (10) | CBP LIFE sep/concur |
| 18:2253 CRIMINAL FORFEITURE IN VIOLATION OF EXPLOITATION OF MINORS (11) | Forfeiture ordered; SRT Life as to Cts 2-10 and 3 yrs as to Cts 1 and 4 all sep/concur; NO FINE; AF $1,000.00 |

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**                                   represented by   **Joyce White Vance, US Attorney**
                                                          US ATTORNEY'S OFFICE
                                                          1801 4th Avenue North
                                                          Birmingham, AL 35203-2101
                                                          244-2001
                                                          Email: usaaln.ecfusa@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **US Probation**
                                                          UNITED STATES PROBATION
                                                          OFFICE
                                                          Robert Vance Bldg.
                                                          1800 5th Avenue North
                                                          Birmingham, AL 35203
                                                          716-2900
                                                          Email:
                                                          alnpdb_cmecf@alnp.uscourts.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **USM**
                                                          UNITED STATES MARSHAL
                                                          Hugo Black Courthouse, Room 240
                                                          1729 5th Avenue North
                                                          Birmingham, AL 35203
                                                          205-731-1712
                                                          Email: usms-aln-courts@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Mary Stuart Burrell**
                                                          US ATTORNEY'S OFFICE
                                                          400 Meridian Street, Suite 304
                                                          Huntsville, AL 35801
                                                          256-534-8285
                                                          Fax: 256-539-3270
                                                          Email: mary.stuart.burrell@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davis A Barlow**
U. S. ATTORNEY'S OFFICE
400 Meridian Street, Suite 304
Huntsville, AL 35801
256-534-8285
Fax: 256-539-3270
Email: davis.barlow@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/28/2008 | 1 | INDICTMENT as to John Lawson Simons (1) count(s) 1, 2-3, 4, 5, 6, 7-9, 10, 11. (Attachments: # 1 Signed Indictment (SEALED)) (DWC, ) (Entered: 10/29/2008) |
| 10/30/2008 | | Case as to John Lawson Simons Reassigned to Judge C Lynwood Smith, Jr. Judge U W Clemon no longer assigned to the case. (DWC, ) (Entered: 10/30/2008) |
| 10/30/2008 | 2 | CLERK'S NOTICE TO PARTIES of Case Reassignment to Judge Smith from Judge Clermon as to dft John Lawson Simons (DWC, ) (Entered: 10/30/2008) |
| 11/05/2008 | 3 | NOTICE OF HEARING as to John Lawson Simons Supplemental Arraignment set for 11/20/2008 09:30 AM before Magistrate-Judge Robert R Armstrong. (SDA ) (Entered: 11/05/2008) |
| 11/17/2008 | 4 | SCHEDULING ORDER and NOTICE that certain deadlines and instructions apply as set out as to John Lawson Simons. Signed by Magistrate-Judge Robert R Armstrong on 11/14/2008. (DWC, ) (Entered: 11/17/2008) |
| 11/17/2008 | 5 | STANDING DISCOVERY ORDER with instructions and deadlines set out as to John Lawson Simons. Signed by Magistrate-Judge Robert R Armstrong on 11/14/2008. (DWC, ) (Entered: 11/17/2008) |
| 11/18/2008 | 6 | RESPONSE to by USA as to John Lawson Simons *Response to Discovery Order* (Burrell, Mary) (Entered: 11/18/2008) |
| 11/20/2008 | | Minute Entry for proceedings held before Magistrate-Judge Harwell G Davis, III:Initial Appearance and Arraignment as to John Lawson Simons (1) Count 1,2-3,4,5,6,7-9,10,11 held on 11/20/2008; Marc Sandlin present for dft; charges and rights explained; dft waived rdg of indictment and entered plea of not guilty; dft remanded to custody of USM as bond not an issue at this time; hrg adj. (Court Reporter Cheryl Powell.) (SHB, ) (Entered: 11/20/2008) |
| 12/05/2008 | 7 | CJA 20 as to John Lawson Simons: Appointment of Attorney Paul Marc Sandlin for John Lawson Simons: Access appointment forms at cja forms. Signed by Magistrate-Judge Harwell G Davis, III on 11/18/08, npt 11/18/08. (SHB, ) (Entered: 12/05/2008) |
| 12/10/2008 | 8 | |

| | | |
|---|---|---|
| | | First MOTION to Continue *for Plea* by John Lawson Simons. (Sandlin, Paul) (Entered: 12/10/2008) |
| 12/10/2008 | 9 | WAIVER of Speedy Trial by John Lawson Simons (Sandlin, Paul) (Entered: 12/10/2008) |
| 01/15/2009 | | NOTICE as to John Lawson Simons: Change of Plea Hearing, in this case and CR 08-S-247-NE, is set for January 23, 2009 at 10:00 a.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 01/15/2009) |
| 01/16/2009 | | NOTICE as to John Lawson Simons: Change of Plea Hearing, in this case and CR 08-S-247-NE, presently set for 1/23/09 is RESET for January 28, 2009 at 10:00 a.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama(LCW, ) (Entered: 01/16/2009) |
| 01/28/2009 | | Minute Entry for proceedings held before Judge C Lynwood Smith, Jr: Change of Plea Hearing as to John Lawson Simons held on 1/28/09, Plea entered by John Lawson Simons (1) Guilty Count 1,2-3,4,5,6,7-9,10,11. (no plea agreement in this case); defendant remanded to custody pending sentencing set for 6/17/2009 at 10:00 a.m., in Huntsville, Alabama. (Court Reporter Christina Decker.) (See also CR 08-S-247-NE)(LCW) Modified on 2/23/2009 (LCW, ). (Entered: 02/23/2009) |
| 01/28/2009 | 10 | GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION by John Lawson Simons, filed in court on 1/28/2009. (LCW) (Entered: 02/23/2009) |
| 02/23/2009 | | NOTICE as to John Lawson Simons, in this case and CR 08-S-247-NE; Sentencing set for June 17, 2009 at 10:00 a.m. before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 02/23/2009) |
| 06/05/2009 | 11 | First MOTION to Withdraw as Attorney by Marc Sandlin. by John Lawson Simons. (Sandlin, Paul) (Entered: 06/05/2009) |
| 01/19/2010 | | NOTICE as to John Lawson Simons: Sentencing in this case and CR 08-S-247-NE is set for February 4, 2010 at 10:00 a.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 01/19/2010) |
| 02/03/2010 | | NOTICE as to John Lawson Simons: Sentencing in this case and CR 08-S-247-NE, presently set for 2/4/10 is RESCHEDULED for February 10, 2010 at 1:30 p.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 02/03/2010) |
| 02/09/2010 | 12 | SENTENCING MEMORANDUM by USA as to John Lawson Simons (Burrell, Mary) (Entered: 02/09/2010) |
| 02/09/2010 | | NOTICE as to John Lawson Simons: NOTICE as to John Lawson Simons: Sentencing in this case and CR 08-S-247-NE, presently set for 2/10/2010 is RESET for March 3, 2010 at 10:00 a.m., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 02/09/2010) |
| | | |

| 03/09/2010 | 13 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by John Lawson Simons (Butler, John) (Entered: 03/09/2010) |
|---|---|---|
| 06/24/2010 | | NOTICE OF HEARING as to John Lawson Simons; Sentencing in this case and CR 08-S-247-NE is set for June 29, 2010 at 1:30 p.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 06/24/2010) |
| 06/29/2010 | | Minute Entry for proceedings held before Judge C Lynwood Smith, Jr: Sentencing held on 6/29/2010 for John Simons: SENTENCE: Custody of BOP - Life as to Count 10; 30 years as to Counts 2,3,5,7-9; 20 years as to Count 6; and 10 years as to Counts 1 and 4, separately, all sentences to run concurrently with the other, and concurrently with the sentences imposed in NDAL case no. CR 08-S-247-NE: Supervised release term 3 years as to Count 1 and 4, and Life as to Counts 2-10. Forfeiture ordered as to Count 11; no fine imposed; Special Assessment $1,000.00; defendant remanded to custody of USM; (Court Reporter Christina Decker.) (LCW) (Entered: 08/09/2010) |
| 07/01/2010 | 14 | MOTION for Forfeiture of Property *(Preliminary Order)* by USA as to John Lawson Simons. (Burrell, Mary) (Entered: 07/01/2010) |
| 08/10/2010 | 15 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to John Lawson Simons filed with USP. (SMH2, ) (Entered: 08/10/2010) |
| 08/10/2010 | 16 | Sentencing Recommendations (Sealed) as to John Lawson Simons filed with USP. (SMH2, ) (Entered: 08/10/2010) |
| 08/10/2010 | 17 | JUDGMENT as to John Lawson Simons (1), Count(s) 1, 4, CBP 10 yrs sep/concur; Count(s) 2-3, 5, 7-9, CBP 30 yrs sep/concur; Count(s) 6, CBP 20 yrs sep/concur; Count(s) 10, CBP LIFE sep/concur; Count(s) 11, Forfeiture ordered; SRT Life as to Cts 2-10 and 3 yrs as to Cts 1 and 4 all sep/concur; NO FINE; AF $1,000.00. Signed by Judge C Lynwood Smith, Jr on 8/9/10. (SMH2, ) (Entered: 08/10/2010) |
| 08/10/2010 | 18 | PRELIMINARY ORDER OF FORFEITURE as to John Lawson Simons. ccm to USM and USAO. Signed by Judge C Lynwood Smith, Jr on 8/10/10. (SMH2, ) (Entered: 08/10/2010) |
| 06/27/2011 | 19 | MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 5:11-CV-8028-CLS-TMP.) by John Lawson Simons. (Attachments: # 1 Brief in Support of Motion to Vacate (2255))(AHI ) (Entered: 06/27/2011) |
| 10/25/2011 | 20 | NOTICE *Declaration of Publication* by John Lawson Simons (Barlow, Davis) (Entered: 10/25/2011) |
| 10/31/2011 | 21 | MOTION for Forfeiture of Property *Motion for Final Order of Forfeiture* by USA as to John Lawson Simons. (Attachments: # 1 Text of Proposed Order proposed Final Order of Forfeiture)(Barlow, Davis) (Entered: 10/31/2011) |
| 11/03/2011 | 22 | FINAL ORDER OF FORFEITURE as set out as to John Lawson Simons re 21 MOTION for Forfeiture of Property *Motion for Final Order of Forfeiture* filed by USA, (ccm). Signed by Judge C Lynwood Smith, Jr on 11/3/2011. (HBB, ) (Entered: 11/03/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/09/2016 09:51:41 | | |
| **PACER Login:** | xq0004:3388745:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:08-cr-00408-CLS-TMP |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# 5:08-CR-00247-CLS-TMP
# (CR. A)

**1**

FILED

2008 Jun-27  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

AHM/MSB: JULY 2008
GJ #8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN LAWSON SIMONS | ) |

## INDICTMENT

**COUNT ONE:** [18 U.S.C. § 2252A(a)(5)(B)]

The Grand Jury charges:

That on or about the 4th day of May, 2006, in Madison County, within the

Northern District of Alabama, the defendant,

**JOHN LAWSON SIMONS,**

did knowingly possess material that contained images of child pornography that had

been mailed, shipped and transported in interstate and foreign commerce and that was

produced using materials that had been mailed, shipped and transported in interstate

and foreign commerce, in violation of Title 18, United States Code, Section

2252A(a)(5)(B).

**COUNT TWO: [18 U.S.C. § 2423(b)]**

The Grand Jury charges:

That on or about between the 29th day of April and the 2nd day of May, 2003, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

**JOHN LAWSON SIMONS,**

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with A.M., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

**COUNT THREE: [18 U.S.C. § 2423(b)]**

The Grand Jury charges:

That on or about between the 7th and the 15th day of July, 2003, a more exact date being unknown to the grand jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

**JOHN LAWSON SIMONS,**

2

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging

in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with

A.M., a person under 18 years of age, which sexual act would be in violation of

Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the

special maritime and territorial jurisdiction of the United States, all in violation of

Title 18, United States Code, Section 2423(b).


## COUNT FOUR: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 26th and the 27th day of July, 2003, a more exact

date being unknown to the grand jury, in Madison County, within the Northern

District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging

in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with

A.M., a person under 18 years of age, which sexual act would be in violation of

Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the

special maritime and territorial jurisdiction of the United States, all in violation of

Title 18, United States Code, Section 2423(b).

3

## COUNT FIVE: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 12th and the 13th day of August, 2003, a more exact date being unknown to the grand jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

**JOHN LAWSON SIMONS,**

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with A.M., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

## COUNT SIX: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 18th and the 19th day of August, 2003, a more exact date being unknown to the grand jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

**JOHN LAWSON SIMONS,**

4

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging

in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with

A.M., a person under 18 years of age, which sexual act would be in violation of

Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the

special maritime and territorial jurisdiction of the United States, all in violation of

Title 18, United States Code, Section 2423(b).


**COUNT SEVEN: [18 U.S.C. § 2423(b)]**

The Grand Jury charges:

That on or about between the 29th day of August and the 1st day of September,

2003, a more exact date being unknown to the grand jury, in Madison County, within

the Northern District of Alabama, and elsewhere, the defendant,

**JOHN LAWSON SIMONS,**

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging

in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with

A.M., a person under 18 years of age, which sexual act would be in violation of

Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the

special maritime and territorial jurisdiction of the United States, all in violation of

Title 18, United States Code, Section 2423(b).

5

## COUNT EIGHT: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 4th and the 5th day of October, 2003, a more exact date being unknown to the grand jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with A.M., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).


## COUNT NINE: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 25th and the 26th day of October, 2003, a more exact date being unknown to the grand jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

6

traveled in interstate commerce from Alabama to Ohio, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with A.M., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

**COUNT TEN:** [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 6th and the 7th day of February, 2004, a more exact date being unknown to the grand jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

**JOHN LAWSON SIMONS,**

traveled in interstate commerce from Alabama to Indiana, for the purpose of engaging in any illicit sexual contact, further defined as any sexual act as defined in Title 18, United States Code, Section 2246(2), with A.S., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

**COUNT ELEVEN**: [18 U.S.C. § 2423(a)]

The Grand Jury charges:

That on or about between the 25th and the 28th day of November, 2004, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, the defendant,

**JOHN LAWSON SIMONS**,

knowingly transported A.S., an individual who had not attained the age of 18 years, in interstate commerce from Florida to Alabama, with intent of A.S. engaging in any sexual activity, including the production of child pornography as defined in section 2256(8), for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a).

**COUNT TWELVE**: [18 U.S.C. § 2251(a)]

The Grand Jury charges that:

That on or about between the 25th and 28th day of November, 2004, a  more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, the defendant,

**JOHN LAWSON SIMONS**,

did employ, use, persuade, induce, and entice A.S., a minor, to engage in sexually

8

explicit conduct for the purpose of producing a visual depiction of such conduct, said visual depiction which was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

A TRUE BILL

*/s/ electronic signature*

FOREMAN OF THE GRAND JURY                    ALICE H. MARTIN
                                             United States Attorney

                                             */s/ electronic signature*

                                             MARY STUART BURRELL
                                             Assistant United States Attorney

**10**

FILED

2016 May-05  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**F I L E D**

JAN 2 8 2009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## N̲o̲r̲t̲h̲e̲a̲s̲t̲e̲r̲n̲ DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **vs.** | )    Case No. CR- 5 : 08 - CR - 0247- |
| | )        CLS - PWG |
| J̲o̲h̲n̲ ̲L̲a̲w̲s̲o̲n̲ ̲S̲i̲m̲o̲n̲s̲ , ) | ) |
| | ) |
| **Defendant.** | ) |

### GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION[1]

---

**INSTRUCTIONS TO COUNSEL**

Prior to the offer of a plea of guilty, counsel for the defendant **must** personally discuss, in detail, each of the following matters with the defendant, and, **must** indicate compliance in the appropriate places on this form.

**This revised form is lengthy. You will need at least one hour to thoroughly review it with the defendant**. Therefore, counsel **must** arrange his or her schedule to meet with the defendant well in advance of the plea proceeding.

The court prefers that compliance be indicated by instructing *the defendant* to inscribe *his or her initials* **in the appropriate places on this form**.

Once completed, the form shall be filed in open court, at the beginning of the plea proceeding.

---

### A.    Preliminary Matters

1.    I understand that I will be placed under oath and, accordingly, that my answers to the court's questions and any statement I make during the plea proceeding will be subject to the penalties for perjury or for making a false statement.  I further understand that, if I should willfully be untruthful, I may be prosecuted in a separate proceeding for perjury and, if convicted, could receive a separate and distinct sentence.

Done: _PM_

2.    I understand that I may be asked to state my age, date of birth, the extent of my education or schooling, and whether I can read, write, and understand the English language.

Done: _PM_

---

[1] This form was approved for use in the United States District Court for the Northern District of Alabama on **August 21, 2003. DO NOT USE ANY EARLIER VERSION.**

Page 1 of 9

3.      I understand that I may be asked whether I have any physical or mental defect that makes it more difficult for me to hear clearly, or to understand anything that is said to me.

Done:   _P M S_

4.      I understand that I may be asked whether I recently have been treated for any mental illness or addiction to narcotic drugs of any kind, and, whether I presently am suffering from any mental illness, emotional impairment, or physical illness that might affect my ability to understand the plea proceeding.

Done:   _P M_

5.      I understand that I may be asked whether I have taken, consumed, or ingested any of the following substances during the preceding 48 hours:  (a) alcoholic beverages or intoxicating liquors; (b) drugs or medications of any kind (prescription or otherwise); and (c) any other substance that might affect my ability to understand the plea proceeding.

Done:   _P M S_

6.      I understand that the court must be satisfied that I completely understand the plea proceeding, and that I accordingly have an *affirmative duty* to inform the court if I do not understand anything that is said or done.

Done:   _P M S_

7.      I further understand that, if I inform the court that I do not understand anything that is said or done during the plea proceeding, the court will, before going forward, undertake all reasonable steps — including a recess, to allow me to consult in private with my attorney — to make certain that I do understand.

Done:   _P M_

8.      I understand that the court must be assured that I am satisfied with my attorney, and, that I have no complaints about the manner in which he or she has, thus far, represented me in this case.

Done:   _P M_

9.      I understand that the court must be satisfied:  (a) that I have received a copy of the Grand Jury's Indictment (or the Information filed by the Government); (b) that I have read the Indictment (or Information), or that it has been read to me by counsel; and (c) that I understand the charge (or charges) against me.

Done:   _P M_



10.     I understand that the court must be satisfied that I am entering my plea (or pleas) of guilty freely and voluntarily. *Specifically*, I understand that the court must be satisfied that I have not been coerced by any threat, or induced by any improper promise, to enter my plea (or pleas) of guilty — regardless of whether the threat or improper promise was made directly to me, or indirectly, to any other person who is related to me, or close to me, and capable of influencing my decisions.

Done:  _P M_

**B.     Plea Agreement**     -    NO PLEA AGREEMENT

1.     I understand that, if there is a plea agreement, the terms of agreement must be fully and completely disclosed in open court, on the record; and that, if the agreement is in writing, a copy will be filed.

Done:  _P M_

2.     I understand that I must confirm:  (a) if the plea agreement is in writing, that I have read the plea agreement, or that it has been read to me by counsel; (b) that I have had ample opportunity to discuss the terms of the plea agreement with my attorney; (c) that the plea agreement incorporates all understandings I have reached with the attorney for the United States Government; and (d) that I personally understand the terms of my plea agreement.

Done:  _P M_

3.     I understand that, if my plea agreement provides for the Government to recommend, pursuant to *Federal Rule of Criminal Procedure* **11(c)(1)(B)**, the imposition of (or to not oppose my request for) a particular sentence the court is not bound by the agreement; and, if the agreement is rejected by the court — in other words, if the judgment and sentence imposed by the court differs in any respect from the terms of my plea agreement — I will ***not*** have a right to withdraw my plea (or pleas) of guilty.

Done:  _P M_                    Not Applicable:  _____

4.     I understand that, if my plea agreement provides for the dismissal of other charges pending against me pursuant to *Federal Rule of Criminal Procedure* **11(c)(1)(A)**, or for the imposition of a specific sentence pursuant to *Federal Rule of Criminal Procedure* **11(c)(1)(C)**, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until it has considered the contents of my presentence investigation report.  I further understand that, if the plea agreement is *accepted* by the court, the court will enter a judgment and sentence in accordance with the disposition provided for in my plea agreement.  On the other hand, I also understand that, if my plea agreement is *rejected* by the court:

a.     the court will inform me personally, in open court, that it is not bound by the terms of my agreement; and

Page 3 of 9

b.      I then will be given the opportunity to withdraw my plea (or pleas) of guilty; and

c.      if I choose to persist in my plea (or pleas) of guilty, after having been informed by the court that it rejects my agreement, the sentence imposed upon me may be less favorable than that stated in my plea agreement.

Done: _____*PM*_____           Not Applicable: _____

## C.      Explanation of Possible Statutory Penalties

1.      I confirm that my attorney has explained, for each charge to which I am entering a plea of guilty, the mandatory minimum sentence (if any) and the maximum penalty provided by statute for each offense to which I am entering a plea of guilty, including the effect of any statute which may enhance or increase the statutory range of punishment.

Done: _____*PM*_____

2.      I understand that, for each count of the Indictment (or Information) to which I enter a plea of guilty, the court will be required to impose a special assessment fee in the amount of $100.

Done: _____*PM*_____

3.      I understand that the court may require me to make restitution to any victim of the criminal offense (or offenses) to which I am pleading guilty.

Done: _____*PM*_____

4.      I understand that parole has been abolished in the Federal penal system, and that, if I am sentenced to a term of imprisonment, I will not be released on parole.

Done: _____*PM*_____

5.      I understand that, if I am sentenced to imprisonment, the court must impose a term of supervised release to follow any term of imprisonment.  I confirm that my attorney has explained the potential duration or length of time that I will be subjected to the supervision of a United States Probation Officer.

Done: _____*PM*_____

## D.      Explanation of U.S. Sentencing Guidelines

1.      I understand that any sentence imposed upon me ~~will~~ *may* be subject to the requirements of the United States Sentencing Guidelines, and I confirm that my attorney has discussed those Guidelines with me, and, how they could affect any sentence (or sentences) that might be imposed in my case.

Done: 

2.    I understand that the Sentencing Guidelines provide for a complex series of calculations that result in a range of sentence for a particular case, and that such calculations are based, in large part, upon a combination of two factors:  on the one hand, a factor called the "Offense Level"; and, on the other hand, a factor called the "Criminal History Category," which is an evaluation of the nature and extent of my prior criminal history (if any).

Done: _PM)_

3.    I also understand that the "Offense Level" calculation takes into consideration a variety of matters, including (but not limited to) such things as:  (a) the nature and consequences of the offense (or offenses) of conviction; (b) my role in the commission of such offense (or offenses); (c) whether a weapon was involved; (d) the nature of the victims of the crime, if there were any, and, if so, my consideration of such victims; (e) whether bodily injury was inflicted; (f) the amount of any money, property, or drugs which might be embraced in the offense (or offenses) of conviction; (g) my conduct in connection with the investigation and prosecution of the offense (or offenses); and (h) whether I have accepted responsibility for the offense (or offenses).

Done: _PM)_

4.    I understand that the court will not be able to determine the Guidelines sentence range that applies to my case until a pre-sentence investigation has been completed, and both the Government and I have had an opportunity to challenge the reported facts and the application of the Guidelines recommended by the Probation Officer.

Done: _PM)_

5.    I understand that the sentence ultimately imposed by the court may be different from either any estimate my attorney may have given me, or any preliminary evaluation that may have been provided by a United States Probation Officer.

Done: _PM)_

6.    I understand that, even after my Guidelines sentence range has been finally determined, the court still has the authority — in some limited circumstances — to depart from the Guidelines, and to impose a sentence that is either more severe, or less severe, than the sentence called for by application of the Guidelines.

Done: _PM)_

7.    I understand that the Sentencing Guidelines will require the court to impose a fine on me, unless the court concludes either (a) that I am not likely to be able to pay a fine, or (b) that the imposition of a fine would unduly burden any persons who are dependent upon me for financial support.  Even so, I also understand that, in either of those events, the court still could require some



form and duration of community service in lieu of all or part of a fine.

Done: _PM )_

8.     I understand that, if the court determines I have the financial ability to do so, the court could require me to pay all or part of any cost of imprisonment, confinement, or supervision while on probation or supervised release.

Done: _PM )_

E.     **Explanation of Substantive Rights**

1.     I understand that I have a right to plead "not guilty" to any offense charged against me, and, to persist in such a plea.  In other words, I understand that I am not required to enter a plea of guilty to any charge contained in the Indictment (or Information).

Done: _PM )_

2.     I understand that, if I did enter a plea (or pleas) of "not guilty," I then would be entitled to a speedy and public trial by a jury composed of twelve people who have been selected from a panel of persons whose names have been drawn at random from a fair cross-section of the community that comprises that area of the Northern District of Alabama in which the indictment (or information) has been filed.

Done: _PM )_

3.     I understand that, at a jury trial, I would be presumed innocent of the charge (or charges) against me, and that I could not be convicted of any offense unless the Government proved each and every element of the charge (or charges) against me, by evidence, beyond a reasonable doubt.

Done: _PM )_

4.     I understand that, at a jury trial, I would be entitled to numerous rights, including the following:

a.     the right to be represented by Constitutionally adequate counsel;

b.     the right to have all witnesses who testify for the Government to come forward and testify under oath, in open court, so that I may see, hear, and confront them;

c.     the right, through counsel, to cross-examine each witness who has testified for the Government — to ask them questions concerning any matter that might be relevant to the charge (or charges) against me or my defense, including matters that might be helpful to the jury in evaluating the credibility (or believability) of the witnesses:

d.     the right to call witnesses to testify on my behalf, and to use the subpoena power of the court to compel witnesses to come forward and give evidence in defense of the charge (or charges) against me;

e.     the right to decline to testify, unless I voluntarily elect to do so — in other words, that I could not be forced to testify by the court or anyone else, and that the decision of whether to testify is a matter left entirely to me; and,

f.     the right to testify on my own behalf, if I voluntarily elect to do so. I also understand, however, that if I elect to testify on my own behalf, I would be placed under oath, and, that I would be subject to cross-examination by the attorney for the United States Government.

Done: ___*PM*)___

5.     I further understand that, if I elected not to testify at a trial, or even to offer any evidence in defense of the charge (or charges) against me, those facts could not be taken adversely to me by the jury, or by a judge in a non-jury trial.

Done: ___*PM*)___

6.     I understand that, by entering a plea (or pleas) of guilty, I am waiving, or giving up, *all* of the foregoing rights — *specifically*:

a.     the right to trial by jury;

b.     the presumption that I am innocent of the charge (or charges) against me;

c.     the right to compel the Government to prove each element of each charge against me by evidence, beyond a reasonable doubt;

d.     the right to confront and cross-examine each witness against me;

e.     the right to subpoena witnesses to testify on my own behalf; and,

f.     the right to testify on my own behalf, if I voluntarily elect to do so.

Done: ___*PM*)___

7.     I understand that, by pleading guilty, I am *not* waiving, or giving up, the right to be represented by Constitutionally adequate counsel in all further proceedings herein, including the sentencing hearing and any post-sentencing proceedings, such as an appeal.

Done: ___*PM*)___



**F.    Explanation of Charge(s)**

1.    I confirm that I have had ample time to discuss this case with my attorney, and, that I have told him or her everything I know about the facts, in order that my attorney could prepare himself or herself to represent me, and to defend me, to the best of his or her professional abilities, if I elected to plead "not guilty" and proceeded to trial.

Done:  _P M )_

2.    I further confirm that my attorney has explained each element of each charge to which I am entering a plea of guilty, and that I understand those facts the Government must prove, by evidence, beyond a reasonable doubt, if I elected to plead "not guilty" and proceeded to trial.

Done:  _P M )_

3.    Even though I am waiving, or giving up, my right to a trial, I understand that the court will not accept my plea (or pleas) of guilty until the court has made such inquiry as it may deem appropriate to satisfy itself that there is a factual basis for the plea (or pleas) of guilty.

Done:  _P M )_

4.    I understand that, if my plea (or pleas) of guilty are accepted by the court, only two things remain to be done: *first*, a presentence investigation will be conducted by a United States Probation Officer; and *second*, not sooner than 35 days after the presentence report is disclosed to me, unless I choose to waive the 35 day period, the court will impose sentence.

Done:  _P M )_

**G.    Certification of Defendant**

I hereby certify that I have read all of the preceding parts of this form, or that my attorney has read the entire form to me.  I further certify that my attorney has explained to me, in detail, and to my personal satisfaction, each of the matters set out above, and that I do not have any questions about my rights.  I also certify that I am satisfied with the representation my attorney has provided me, and that I have no complaints about any aspect of his or her representation of me.  I further certify that I am not under the influence of any alcoholic beverage, intoxicating liquor, drugs, medication, or other substance that affected my ability to comprehend or understand all of the matters set out above.  Finally, I certify that I am entering my plea (or pleas) of guilty because I am in fact guilty, and I request that the court accept my plea (or pleas).

_1/23/09_
Date

_John Lawson Simons_
Signature of Defendant

**H.    Certification of Counsel**

As counsel of record for the above named defendant, I hereby certify that:

1.    I have discussed with the defendant, in detail, each of the matters set out above;

2.    I have observed the defendant today, prior to the plea proceeding, and I am aware of no reason why the defendant is not competent to enter a plea (or pleas) of guilty at this time; and,

3.    I am aware of no reason, at this time, why the defendant's plea (or pleas) of guilty should not be accepted by the court.

28 JAN 09
_____
Date

_____
Attorney for Defendant

**15**

FILED
2010 Aug-09  PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                             Case Number CR 08-S-247-NE

JOHN LAWSON SIMONS
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JOHN LAWSON SIMONS, was represented by Marcus Helstowski.

The defendant pleaded guilty to counts one through twelve.  Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 U.S.C.§ 2252A(a)(5)(B) | Possession of Child Pornography | 1 |
| 18 U.S.C. § 2423(b) | Travel With Intent to Engage in a Sexual Act With a Minor | 2 through 10 |
| 18 U.S.C. § 2423(a) | Transportation With Intent to Engage in Criminal Sexual Activity | 11 |
| 18 U.S.C. § 2551(a) | Production of Child Pornography | 12 |

As pronounced on June 29, 2010, the defendant is sentenced as provided in pages 2 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $1,200.00, for counts one through twelve, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 9th day of August, 2010.

_____
United States District Judge

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant:  JOHN LAWSON SIMONS
Case Number:  CR 08-S-247-NE

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term 10 years as to Count 1 and 30 years as to Counts Two through Twelve, separately, with each count to run concurrently with the other.  The sentences imposed by this judgment shall also run concurrently with the sentences imposed in Northern District of Alabama Case Number CR 08-S-408-NE.

The Court makes the following recommendations to the Bureau of Prisons: Defendant be designated to a facility to obtain mental health counseling and therapy.

The defendant is remanded to the custody of the United States Marshal.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant:  JOHN LAWSON SIMONS
Case Number:  CR 08-S-247-NE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life.  The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2)  The defendant shall not leave the judicial district without permission of the Court or probation officer.
3)  The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4)  The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5)  The defendant shall support his or her dependents and meet other family responsibilities.
6)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7)  The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8)  The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12)  The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14)  The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15)  The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a  community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).
16)  Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant  does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 5

Defendant:  JOHN LAWSON SIMONS
Case Number:  CR 08-S-247-NE

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

(17)  Upon imposition of the special condition by the Court or upon a court order entered during the period of probation or supervision for good cause shown, the defendant shall be placed in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) based upon a history of drug or alcohol abuse, a positive urinalysis, or evidence of excessive use of alcohol. This program includes (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse; (b) a drug treatment program which includes education, individual or group counseling, or residential treatment, provided by the probation office or an approved vendor;  (c) placement in a community corrections center (halfway house) for up to 270 days; and/or (d) home confinement subject to electronic monitoring for up to 180 days.  Participation in the program shall be under the administrative supervision of the probation officer, and the defendant shall contribute to the costs of participation unless the probation officer determines that the defendant does not have the ability to do so.

(18)  The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment.  This program may include the following: (a)  The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court.  This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service.  The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home.  The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software.  (c)  The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring.  The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring.  (d)  The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties.  (e)  The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not.  The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request.  Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique.  The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

(19)  The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

(20)  If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

(21)  For a defendant convicted for the first time of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall attend a public, private, or private non-profit offender rehabilitation program approved by the court and under the administrative supervision of the probation office, if an approved program is available within a 50-mile radius of the defendant's legal residence.

(22)  For any defendant required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the terms of the Act under the administrative supervision of the probation officer.  Specifically, the defendant, if convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation office, and shall register as a sex offender in any State where the defendant resides, is employed, carries on a vocation, or is a student.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 5

Defendant:  JOHN LAWSON SIMONS
Case Number:  CR 08-S-247-NE

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall participate, under the administrative supervision of the probation officer, in the probation office's computer restriction/monitoring program (or a comparable program in the district of supervision). (See the standard conditions for a brief description of possible terms of participation.)

2) The defendant shall not have any unsupervised, one-to-one contact with any children under the age of 18 other than his own children.

3) The defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of 18.

4) The defendant shall register and comply with all Community Notification Act requirements and any then applicable local, state, or federal law dealing with the monitoring of those convicted of sex-related offenses.

5) The defendant shall allow the probation officer access to any photographs and/or video recordings he may possess.

6) Pursuant to the Adam Walsh Child Protection Act of 2006, the defendant shall register as a sex offender not later than three (3) business days from release, if placed on supervised release, or sentencing, if placed on probation. The defendant shall keep the registration current in each jurisdiction in which he resides, is employed, or is a student. The defendant shall, not later than three (3) business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information. Failure to do so may not only be a violation of this condition but also may be a new federal offense punishable by up to ten (10) years imprisonment.

7) The defendant, being a felon and being required to register under the Sex Offender Registration and Notification Act, shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

8) The defendant shall participate in an approved mental health treatment program specializing in sex offender treatment under the administrative supervision of the probation officer. This program may include a psycho-sexual evaluation; family, group, and/or individual counseling; and psychological and clinical polygraph testing. The results of the polygraph examinations may not be used as evidence in Court for the purpose of revocation of supervision, but may be considered in a hearing to modify conditions of release. While participating in treatment, the defendant shall abide by all rules and requirements of the program. The defendant shall contribute to the cost of treatment and polygraph testing unless the probation officer determines that the defendant does not have the ability to do so.

# 5:08-CR-00408-CLS-TMP
# (CR. B)

**1**

Case 5:08-cr-00408-CLS-TMP Document 1 Filed 10/28/08 Page 1 of 3

AHM/MSB: NOV 2008
GJ #4

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN LAWSON SIMONS | ) |

## INDICTMENT

**COUNT ONE:** [18 U.S.C. § 1470]

The Grand Jury charges:

That on or about the 10th day of July, 2002, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

did, using any facility and means of interstate commerce, knowingly transfer obscene matter to R.R., who had not attained the age of 16 years, knowing that R.R. had not attained the age of 16 years, in violation of Title 18, United States Code, Section 1470.

## COUNT TWO: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 17th and the 22nd day of July, 2002, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

traveled in interstate commerce from Alabama to Florida, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with M.L., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

## COUNT THREE: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 6th and the 9th day of August, 2002, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

traveled in interstate commerce from Alabama to Florida, for the purpose of engaging

in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with

M.L., a person under 18 years of age, which sexual act would be in violation of

Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the

special maritime and territorial jurisdiction of the United States, all in violation of

Title 18, United States Code, Section 2423(b).

## COUNT FOUR: [18 U.S.C. § 1470]

The Grand Jury charges:

That on or about the 13th day of September, 2002, a more exact date being

unknown to the Grand Jury, in Madison County, within the Northern District of

Alabama, and elsewhere, the defendant,

**JOHN LAWSON SIMONS,**

did, using any facility and means of interstate commerce, knowingly transfer obscene

matter to M.D., who had not attained the age of 16 years, knowing that M.D. had not

attained the age of 16 years, in violation of Title 18, United States Code,

Section 1470.

3

## COUNT FIVE: (18 U.S.C. § 2251(a))

The Grand Jury charges:

That in or about April, 2005, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

did employ, use, persuade, induce, and entice a minor, R.B., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate commerce, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIX: (18 U.S.C. § 2252A(a)(1))

The Grand Jury charges:

That on or about the 23rd day of November, 2005, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

did knowingly transport and ship in interstate and foreign commerce by computer, child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1).

4

Case 5:08-cr-00408-CLS-TMP Document 1 Filed: 10/28/08 Page 5 of 8

## COUNT SEVEN: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about the 22nd day of March, 2008, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

traveled in interstate commerce from Alabama to Tennessee, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with A.W., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

## COUNT EIGHT: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about the 2nd day of April, 2008, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

traveled in interstate commerce from Alabama to Tennessee, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with A.W., a person under 18 years of age, which sexual act would be in

5

violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

## COUNT NINE: [18 U.S.C. § 2423(b)]

The Grand Jury charges:

That on or about between the 14th and the 15th day of June, 2008, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, and elsewhere, the defendant,

### JOHN LAWSON SIMONS,

traveled in interstate commerce from Alabama to Tennessee, for the purpose of engaging in any sexual act, as defined in Title 18, United States Code, Section 2246(2), with A.W., a person under 18 years of age, which sexual act would be in violation of Title 18, United States Code, Section 2243(a) if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, all in violation of Title 18, United States Code, Section 2423(b).

## COUNT TEN: [18 U.S.C. § 2423(a)]

The Grand Jury charges:

That on or about between the 16th and the 19th day of June, 2008, a more exact date being unknown to the Grand Jury, in Madison County, within the Northern District of Alabama, the defendant,

6

**JOHN LAWSON SIMONS,**

knowingly transported A.W., an individual who had not attained the age of 18 years,

in interstate commerce from Tennessee to Alabama, with intent of A.W. engaging in

any sexual activity for which any person can be charged with a criminal offense, in

violation of Title 18, United States Code, Section 2423(a).

## COUNT ELEVEN : (18 U.S.C. §§ 2253)

The Grand Jury charges that:

1.     The allegations of Counts Seven, Eight, Nine and Ten of this Indictment

are realleged and incorporated by reference as though set forth fully herein for the

purpose of alleging forfeiture to the United States pursuant to the provisions of Title

18, United States Code, Section 2253(a)(3).

2.     Pursuant to Rule 32.2(a) FED.R.CRIM.P., the defendant is hereby

notified that, upon conviction of the offenses alleged in Counts Seven, Eight, Nine

and Ten of this Indictment, the defendant,

**JOHN LAWSON SIMONS,**

shall forfeit to the United States pursuant to 18 U.S.C. §2253(a)(3), any property, real

or personal, used or intended to be used to commit or to promote the commission of

such offense.

3.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

7

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §2253(o), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 2253(a)(3).

A TRUE BILL

*/s/ electronic signature*

FOREMAN OF THE GRAND JURY          ALICE  H.  MARTIN
                                   United States Attorney



                                   */s/ Mary Stuart Burrell*
                                   MARY STUART BURRELL
                                   Assistant United States Attorney

# 17

FILED

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

2010 Aug-10  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                             Case Number CR 08-S-408-NE

JOHN LAWSON SIMONS
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JOHN LAWSON SIMONS, was represented by Marcus Helstowski.

The defendant pleaded guilty to counts one through eleven.  Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 U.S.C. § 1470 | Transfer of obscene Material to a Minor | 1 and 4 |
| 18 U.S.C. § 2423(b) | Travel With Intent to Engage in a Sexual Act With a Minor | 2, 3, 7, 8 and 9 |
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 5 |
| 18 U.S.C. § 2252A(a)(1) | Transportation of Child Pornography | 6 |
| 18 U.S.C. § 2423(a) | Transportation with Intent to Engage in a Sexual Act With a Minor | 10 |
| 18 U.S.C. § 2253 | Criminal Forfeiture | 11 |

As pronounced on June 29, 2010, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $1,000.00, for counts one through ten, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 9th day of August, 2010.

_____
United States District Judge

. AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant:  JOHN LAWSON SIMONS
Case Number:  CR 08-S-408-NE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of the defendant's life as to Count 10;  30 years as to Counts 2, 3, 5, 7 , 8 and 9; 20 years as to Count 6; and 10 years as to Count 1 and 4, separately, with all counts to run concurrently with the other.   The sentences imposed herein shall also run concurrently with the sentence imposed in Northern District of Alabama Case Number CR 08-S-247-NE.

The Court makes the following recommendations to the Bureau of Prisons:  Defendant be designated to a facility to obtain mental health counseling and therapy.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant: JOHN LAWSON SIMONS
Case Number: CR 08-S-408-NE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life as to Counts 2 through 10 and 3 years as to Count 1 and 4, separately, to run concurrently with the other and concurrently with case number CR 08-S-247-NE. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 6

Defendant: JOHN LAWSON SIMONS
Case Number: CR 08-S-408-NE

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

(17)  Upon imposition of the special condition by the Court or upon a court order entered during the period of probation or supervision for good cause shown, the defendant shall be placed in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) based upon a history of drug or alcohol abuse, a positive urinalysis, or evidence of excessive use of alcohol. This program includes (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse; (b) a drug treatment program which includes education, individual or group counseling, or residential treatment, provided by the probation office or an approved vendor; (c) placement in a community corrections center (halfway house) for up to 270 days; and/or (d) home confinement subject to electronic monitoring for up to 180 days. Participation in the program shall be under the administrative supervision of the probation officer, and the defendant shall contribute to the costs of participation unless the probation officer determines that the defendant does not have the ability to do so.

(18)  The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

(19)  The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

(20)  If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

(21)  For a defendant convicted for the first time of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall attend a public, private, or private non-profit offender rehabilitation program approved by the court and under the administrative supervision of the probation office, if an approved program is available within a 50-mile radius of the defendant's legal residence.

(22)  For any defendant required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the terms of the Act under the administrative supervision of the probation officer. Specifically, the defendant, if convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation office, and shall register as a sex offender in any State where the defendant resides, is employed, carries on a vocation, or is a student.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 6

Defendant:  JOHN LAWSON SIMONS
Case Number:  CR 08-S-408-NE

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall participate, under the administrative supervision of the probation officer, in the probation office's computer restriction/monitoring program (or a comparable program in the district of supervision). (See the standard conditions for a brief description of possible terms of participation.)

2) The defendant shall not have any unsupervised, one-to-one contact with any children under the age of 18 other than his own children.

3) The defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of 18.

4) The defendant shall register and comply with all Community Notification Act requirements and any then applicable local, state, or federal law dealing with the monitoring of those convicted of sex-related offenses.

5) The defendant shall allow the probation officer access to any photographs and/or video recordings he may possess.

6) Pursuant to the Adam Walsh Child Protection Act of 2006, the defendant shall register as a sex offender not later than three (3) business days from release, if placed on supervised release, or sentencing, if placed on probation. The defendant shall keep the registration current in each jurisdiction in which he resides, is employed, or is a student. The defendant shall, not later than three (3) business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information. Failure to do so may not only be a violation of this condition but also may be a new federal offense punishable by up to ten (10) years imprisonment.

7) The defendant, being a felon and being required to register under the Sex Offender Registration and Notification Act, shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

8) The defendant shall participate in an approved mental health treatment program specializing in sex offender treatment under the administrative supervision of the probation officer. This program may include a psycho-sexual evaluation; family, group, and/or individual counseling; and psychological and clinical polygraph testing. The results of the polygraph examinations may not be used as evidence in Court for the purpose of revocation of supervision, but may be considered in a hearing to modify conditions of release. While participating in treatment, the defendant shall abide by all rules and requirements of the program. The defendant shall contribute to the cost of treatment and polygraph testing unless the probation officer determines that the defendant does not have the ability to do so.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant:  JOHN LAWSON SIMONS
Case Number:  CR 08-S-408-NE

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

Property as set out in Count Eleven and the Order of Forfeiture entered contemporaneously herewith.

# 5:11-CV-08027-CLS-TMP
# (CV. A)

**21**

FILED
2015 Mar-31  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case Numbers** |
| **vs.** | ) | **5:11-cv-8027-CLS-TMP** |
| | ) | **5:08-cr-0247-CLS-TMP** |
| **JOHN LAWSON SIMONS,** | ) | |
| | ) | |
| Defendant/Movant. | ) | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case Numbers** |
| **vs.** | ) | **5:11-cv-8028-CLS-TMP** |
| | ) | **5:08-cr-408-CLS-TMP** |
| **JOHN LAWSON SIMONS,** | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

In accordance with the Memorandum Opinion entered contemporaneously herewith, movant's objections to the magistrate judge's report and recommendation are OVERRULED.  Having reviewed *de novo* the report and recommendation, the objections, and other materials in the record, the court finds that the magistrate judge's report and recommendation is due to be, and hereby is ADOPTED and ACCEPTED.  Accordingly, the motions to vacate or set aside a conviction or

sentence pursuant to 28 U.S.C. § 2255 in these actions are DENIED, and these

actions are DISMISSED WITH PREJUDICE.

DONE and ORDERED this 31st day of March, 2015.

_____

United States District Judge

# 5:11-CV-08028-CLS-TMP
# (CV. B)

**14**

2013 Jun-10  PM 12:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHEASTERN DIVISION

FILED

2013 JUN 10 P 12:07

U.S. DISTRICT COURT
N.D. OF ALABAMA

John Lawson Simons

　　　Petitioner,

　　　　　　　v.　　　　5:11-CV-8028-CLS-TMP

United States,

　　　Respondent

RESPONSE TO ORDER REGARDING AMENDMENT AND ANSWER

　　　　　In response to the United
States District Court's March 13, 2013 order regarding an
amendment and answer, the movant answers the order as
follows:

　　　　　Proceeding pro se for
a writ of habeas corpus under Title 28 U.S.C. § 2255, Mr.
Simons effectively established Ground One and Ground Two in
his motion and supporting memorandum in his claims of
ineffective assistance of counsel. In his supporting
memorandum, Mr. Simons made an unsubstantiated claim that
he'd requested his defense counsel to appeal the life
sentence, and that counsel did not. Mr. Simons contends that

his defense counsel at sentencing, Mr. Marcus Helstowski, not only didn't appeal the sentence, but also failed to file a notice of appeal on the defendant's behalf.

Mr. Simons contends that on June 29, 2010, immediately following being sentenced to life in prison, Mr. Helstowski said to him, "You have fourteen days to appeal. Maybe someone in the jail can help you with the paperwork." Mr. Simons never saw or heard from his defense counsel again. Mr. Simons also contends that Mr. Helstowski told the defendant's mother, Ms. Simons, who was present at sentencing, after leaving the courthouse together, that perhaps someone could help him with an appeal once he got sent to wherever he was to begin his prison sentence. Mr. Simons acknowledges that this assertion is his word versus that of his former defense counsel, even though he'd verbally stated then that he wanted the case to be appealed.

A lawyer who disregards instructions from his client to appeal has acted in a manner that is professionally unreasonable. Prejudice is presumed. {Gomez-Diaz v. U.S., 433 F.3d 788, 790 (11th Cir. 2005)} The same per se rule applies when a defendant has waived the right to appeal as part of a plea agreement.

FEDERAL RULES OF APPELLATE PROCEDURE 4 ESTABLISHES MANDATORY TIME LIMITS FOR FILING A NOTICE OF APPEAL

Federal Rules of Appellate Procedure 4(b)(2) Filing Before

Entry or Judgment.

A Notice of appeal after the court announces a decision,
sentence, or order -- but before the entry of judgment or
order -- is treated as filed on the date of and after the
entry.

Federal Rules of Appellate Procedure 4(b)(1)(A)(i) In a
criminal case, a defendant's notice of appeal must be filed in
the district court within 14 days after the later of the entry
of either the judgment or the order being appealed.

        The docket sheet for
criminal case no. 5:08-cr-0247-CLS-PWG shows a June 29, 2010
entry for sentencing. The next entry is a July 1, 2010 motion
for property forfeiture. The following entry is regarding the
PSR in Mr. Simons' case, entered on August 10, 2010. A notice
of appeal entry, if timely filed, would've appeared somewhere
between those two aforementioned dates {See Attachment C}. The
docket sheet for criminal case no. 5:08-cr-0408-CLS-TMP shows
a June 29, 2010 entry for sentencing. The next entry is also
in regards to the PSR in Mr. Simons' case, entered on August
9, 2010. The same applies. A notice of appeal entry, if timely
filed, would've appeared somewhere between those two
aforementioned dates {See Attachment D}. Mr. Simons' criminal
case docket sheets show no notice of appeal ever having been
filed.

        Mr. Simons was new to
the criminal justice system as a defendant, and contends that

it was his attorney at sentencing, not himself, who had the
necessary experience and was reasonably expected to have filed
a notice of appeal on his client's behalf. Mr. Simons bases
this reasonable expectation on the fact that an effective
attorney, even one who had no intention of appealing the case
for his client, would've at least filed the notice of appeal
on his behalf, given that Mr. Simons received a life sentence
-- the maximum penalty -- after pleading guilty in what was
his first time ever in the criminal justice system as a
defendant.

        Mr. Simons contacted his
former defense counsel, asking for a letter or affidavit from
him which would substantiate his claim, specifically what he'd
stated to Mr. Simons regarding a direct appeal immediately
after his sentence was imposed. Mr. Simons received a reply
letter {See Attachment E} from his former defense counsel, in
which he states that he'd informed Mr. Simons of the process
to give a notice of appeal to the Court. Mr. Simons denies
ever having been told this by his former defense counsel. The
letter also states that Mr. Simons' former defense counsel had
informed him that he did not intend to file a notice of appeal
on his behalf. Mr. Simons denies ever having been told this by
his former defense counsel. Mr. Simons acknowledges that he
cannot prove what was or wasn't said in court between him and
his former defense counsel, as it is his word versus that of
Mr. Helstowski's, but again asserts that an effective
attorney would've had reason to believe that his client
would've wanted to appeal his case in which he'd received a

life sentence after pleading guilty and accepting
responsibility in what was his first conviction as a criminal
defendant. Mr. Simons believes that this assertion is
reasonable, given the guilty plea entered and subsequent
sentence imposed, regardless of whether his former defense
counsel remembers correctly what his client stated to him
about wanting to appeal the case. Furthermore, Mr. Helstowski
never stated either verbally or in his letter to Mr. Simons
that filing an appeal in his former client's case would've
been without merit.

Mr. Simons' lack of
understanding of or previous experience with the judicial
process, specifically federal court rules and rules of
appellate procedure, is not an excuse as to why no direct
appeal or notice of one was ever filed in his case which he
certainly wanted to appeal. Mr. Simons believes that his
former defense counsel was obligated to at least file a notice
of appeal on his behalf, even if he had no intention of
continuing in the attorney-client relationship at that point.
Mr. Simons believes this expectation to be reasonable, given
that adequate, not the best, defense counsel's duty was to
assist his client. Mr. Simons, however, does not contend that
he was, at any time, entitled to the best legal counsel.

The Court must remember that a defendant in a criminal case
has a Constitutional right only to adequate counsel; he is not
entitled to the best legal representation. {See Stone v.
Dugger, 837 F.2d 1477 (11th Cir. 1988)}

A NOTICE OF APPEAL IS A SIMPLE DOCUMENT. IT NEED SPECIFY ONLY:
THE PARTY TAKING THE APPEAL, THE ORDER OR JUDGMENT APPEALED
FROM, AND THE NAME OF THE COURT TO WHICH THE APPEAL IS TAKEN.

The case of Strickland
v. Washington provided the proper framework for evaluating a
claim that counsel was constitutionally ineffective for
failing to file a notice of appeal, as, among other matters,
(1) counsel had a constitutionally imposed duty to consult the
criminal defendant only when there was reason to think that
(a) a rational defendant would have wanted to appeal, or (b) a
particular defendant reasonably demonstrated to counsel that
he was interested in appealing, and (2) the defendant was
required to demonstrate that there was a reasonable
probability that, but for counsel's deficient failure to
consult with him about an appeal, the defendant would have
timely appealed. {Strickland v. Washington (1984) 466 U.S.
668, 80L Ed 2d 674, 1045 Ct. 2052}

It is well settled that a lawyer who disregards a defendant's
specific instructions to file a notice of appeal acts in a
professionally unreasonable manner. {Roe v. Flores-Ortega, 528
U.S. 470, 120 S Ct. 1029, 145L Ed. 985 (2000)} The Supreme
Court explained that a lawyer who disregards his client's
specific instructions to file a notice of appeal is per se
deficient, and the defendant is entitled to a belated appeal
without a showing that the appeal would likely have merit.

Federal Rules of Appellate Procedure 3 ~~proved~~ provides that a notice of

appeal must: (A) specify the party or parties taking the

appeal (B) designate the judgment, order, or part thereof

being appealed and (C) name the court to which the appeal is

taken.

Mr. Simons contends that

counsel was ineffective for failing to file a notice of appeal

-- a direct appeal -- on his behalf, even if counsel had no

intention of actually appealing the defendant's case or

continuing to represent him in any way from that point on, and

that an effective attorney would've reasonably been expected

to file the simple document for him.

Based on the foregoing,

Mr. Simons would ask the Court to affirm his claim in the

amendment as Ground Three in his § 2255 petition.

Respectfully submitted this the 3rd day of June, 2013

John Lawson Simons,

Respondent

USCA11 Case: 15-11928   Document: 28   Date Filed: 05/13/2016   Page: 77 of 84
Case 5:11-cv-08028-CLS-TMP   Document 14   Filed 06/10/13   Page 8 of 11
ECF - U.S. District Court Northern District of Alabama                    Page 6 of 7

Attachment ☏ C

| | | |
|---|---|---|
| | | Lynwood Smith Jr. at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 02/09/2010) |
| 03/09/2010 | 13 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by John Lawson Simons (Butler, John) (Entered: 03/09/2010) |
| 06/24/2010 | | NOTICE OF HEARING as to John Lawson Simons; Sentencing in this case and CR 08-S-247-NE is set for June 29, 2010 at 1:30 p.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 06/24/2010) |
| 06/29/2010 | | Minute Entry for proceedings held before Judge C Lynwood Smith, Jr: Sentencing held on 6/29/2010 for John Simons: SENTENCE: Custody of BOP - Life as to Count 10; 30 years as to Counts 2,3,5,7-9; 20 years as to Count 6; and 10 years as to Counts 1 and 4, separately, all sentences to run concurrently with the other, and concurrently with the sentences imposed in NDAL case no. CR 08-S-247-NE: Supervised release term 3 years as to Count 1 and 4, and Life as to Counts 2-10. Forfeiture ordered as to Count 11; no fine imposed; Special Assessment $1,000.00; defendant remanded to custody of USM; (Court Reporter Christina Decker.) (LCW) (Entered: 08/09/2010) |
| 07/01/2010 | 14 | MOTION for Forfeiture of Property *(Preliminary Order)* by USA as to John Lawson Simons. (Burrell, Mary) (Entered: 07/01/2010) |
| 08/10/2010 | 15 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to John Lawson Simons filed with USP. (SMH2, ) (Entered: 08/10/2010) |
| 08/10/2010 | 16 | Sentencing Recommendations (Sealed) as to John Lawson Simons filed with USP. (SMH2, ) (Entered: 08/10/2010) |
| 08/10/2010 | 17 | JUDGMENT as to John Lawson Simons (1), Count(s) 1, 4, CBP 10 yrs sep/concur; Count(s) 2-3, 5, 7-9, CBP 30 yrs sep/concur; Count(s) 6, CBP 20 yrs sep/concur; Count(s) 10, CBP LIFE sep/concur; Count(s) 11, Forfeiture ordered; SRT Life as to Cts 2-10 and 3 yrs as to Cts 1 and 4 all sep/concur; NO FINE; AF $1,000.00. Signed by Judge C Lynwood Smith, Jr on 8/9/10. (SMH2, ) (Entered: 08/10/2010) |
| 08/10/2010 | | (Court only) ***Set/Clear Flags as to John Lawson Simons (SMH2, ) (Entered: 08/10/2010) |
| 08/10/2010 | 18 | PRELIMINARY ORDER OF FORFEITURE as to John Lawson Simons. ccm to USM and USAO. Signed by Judge C Lynwood Smith, Jr on 8/10/10. (SMH2, ) (Entered: 08/10/2010) |
| 06/27/2011 | 19 | MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 5:11-CV-8028-CLS-TMP.) by John Lawson Simons. (Attachments: # 1 Brief in Support of Motion to Vacate (2255))(AHI ) (Entered: 06/27/2011) |
| 10/25/2011 | 20 | NOTICE *Declaration of Publication* by John Lawson Simons (Barlow, Davis) (Entered: 10/25/2011) |
| 10/31/2011 | 21 | MOTION for Forfeiture of Property *Motion for Final Order of Forfeiture* by USA as to John Lawson Simons. (Attachments: # 1 Text of Proposed |

Attachment # D

| | | (Entered: 01/16/2009) |
|---|---|---|
| 01/28/2009 | | Minute Entry for proceedings held before Judge C Lynwood Smith, Jr: Change of Plea Hearing as to John Lawson Simons held on 1/28/2009, Plea entered by John Lawson Simons (1) Guilty Count 1,2-10,11,12. defendant remanded to custody pending sentencing set for 6/17/2009 at 10:00 a.m. in Huntsville, Alabama. (see also CR 08-S-408-NE)(Court Reporter Christina Decker.) (LCW) (Entered: 02/23/2009) |
| 01/28/2009 | 10 | GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION by John Lawson Simons, filed in court on 1/28/2009. (LCW) (Entered: 02/23/2009) |
| 06/05/2009 | 11 | Notice of Appearance by Marcus Helstowski for defendant John Lawson Simons. (Helstowski, Marcus) Modified on 6/5/2009 (SHB, ). (Entered: 06/05/2009) |
| 06/05/2009 | | (Court only) ***Motions terminated as to John Lawson Simons: 11 MOTION for atty appearance filed by John Lawson Simons. (SHB, ) (Entered: 06/05/2009) |
| 01/19/2010 | | NOTICE as to John Lawson Simons: Sentencing in this case and CR 08-S-480-NE is set for February 4, 2010 at 10:00 a.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 01/19/2010) |
| 02/03/2010 | | NOTICE as to John Lawson Simons: Sentencing, in this case and CR08-S-408-NE, presently set for 2/4/10 is RESCHEDULED for February 10, 2010 at 1:30 p.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 02/03/2010) |
| 02/09/2010 | 12 | SENTENCING MEMORANDUM by USA as to John Lawson Simons (Burrell, Mary) (Entered: 02/09/2010) |
| 02/09/2010 | | NOTICE as to John Lawson Simons: Sentencing in this case and CR 08-S-408-NE, presently set for 2/10/2010 is RESET for March 3, 2010 at 10:00 a.m., before Judge C Lynwood Smith Jr. at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) Modified on 2/9/2010 (LCW, ). (Entered: 02/09/2010) |
| 06/24/2010 | | NOTICE OF HEARING as to John Lawson Simons; Sentencing in this case and CR 08-S-408-NE is set for June 29, 2010 at 1:30 p.m., before Judge C Lynwood Smith Jr., at the United States Courthouse, 101 Holmes Avenue, Huntsville, Alabama. (LCW) (Entered: 06/24/2010) |
| 06/29/2010 | | Minute Entry for proceedings held before Judge C Lynwood Smith, Jr: Sentencing held on 6/29/2010 for John Simons: Sentence: Custody of BOP 10 years as to Count 1, and 30 years as to Counts 2-12, separately, with each count to run concurrently with the other and to run concurrently with the sentences imposed in NDAL case no. CR 08-S-408-NE; Supervised release term - Life as to counts 1-12 in this case, with special conditions; no fine; special assessment $1,200.00; defendant remanded to |

Case 5:11-cv-08028-CLS-TMP   Document 14   Filed 06/10/13   Page 10 of 11    Page 6 of 6

| | | |
|---|---|---|
| | | custody of USM; (SEE ALSO, CR 08-S-408-NE)(Court Reporter Christina Decker.) (LCW) Modified on 8/9/2010 (LCW, ). (Entered: 08/09/2010) |
| 08/09/2010 | 13 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to John Lawson Simons filed w/USP (HBB, ) (Entered: 08/09/2010) |
| 08/09/2010 | 14 | Sentencing Recommendations (Sealed) as to John Lawson Simons filed w/USP (HBB, ) (Entered: 08/09/2010) |
| 08/09/2010 | 15 | JUDGMENT as to John Lawson Simons (1), Count(s) 1, BOP 120 mos as to cnt 1; BOP 360 mos as to cnts 2-12 to run sep/concur w/each other and w/ctn 1 and to run concur with sentences imposed in NDAL case #CR 08-S-408-NE; SRT Life; No Fine; AF $1200.00. Signed by Judge C Lynwood Smith, Jr on 8/9/2010. (HBB, ) (Entered: 08/09/2010) |
| 08/09/2010 | | (Court only) ***Set Flags as to John Lawson Simons (HBB, ) (Entered: 01/24/2012) |
| 06/27/2011 | 16 | MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 5:11-CV-8027-CLS-PWG.) by John Lawson Simons. (Attachments: # 1 Brief in Support of Motion to Vacate (2255))(AHI) (Entered: 06/27/2011) |

Attachment

MARK McDANIEL
HENRI BUTLER McDANIEL
SUZETTE DANIELS
MARCUS HELSTOWSKI
BEN McDANIEL

**McDANIEL AND McDANIEL, L.L.C.**

ATTORNEYS AT LAW

OFFICES

223 EAST SIDE SQUARE
HUNTSVILLE, ALABAMA 35801
OFFICE: 534-3018, 534-6321
FAX: (256) 534-8117

**John L. Simons**
**#27151-001**
**U.S. Penitentiary Tucson**
**P.O. Box 24550**
**Tucson, AZ 85734**

May 2, 2013

Dear Mr. Simons:

I received your letter dated April 26, 2013.

I do recall notifying you that you did have the right to appeal the
sentence after the sentence was rendered by the U.S. District Judge. I
do recall notifying you of the process to give notice of appeal to the Court.
I do recall notifying you that I had not filed a notice of appeal on your
behalf and did not intend to do such, because you had no intention of
appealing your sentence.

I recall informing you mother of the proper avenue to file a notice
of appeal as well on the date that you were sentenced.

I do not recall either you or your mother stating any intention to
appeal your sentence or seem open to filing a notice of appeal.

Sincerely,

MARCUS HELSTOWSKI
Attorney at Law
McDaniel & McDaniel, L.L.C.
223 East Side Square
Huntsville, Alabama 35801

**30**

2015 Mar-31  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Case Numbers** |
| vs. | ) | **5:11-cv-8027-CLS-TMP** |
| | ) | **5:08-cr-0247-CLS-TMP** |
| JOHN LAWSON SIMONS, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Case Numbers** |
| vs. | ) | **5:11-cv-8028-CLS-TMP** |
| | ) | **5:08-cr-408-CLS-TMP** |
| JOHN LAWSON SIMONS, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

In accordance with the Memorandum Opinion entered contemporaneously herewith, movant's objections to the magistrate judge's report and recommendation are OVERRULED. Having reviewed *de novo* the report and recommendation, the objections, and other materials in the record, the court finds that the magistrate judge's report and recommendation is due to be, and hereby is ADOPTED and ACCEPTED. Accordingly, the motions to vacate or set aside a conviction or

sentence pursuant to 28 U.S.C. § 2255 in these actions are DENIED, and these actions are DISMISSED WITH PREJUDICE.

DONE and ORDERED this 31st day of March, 2015.

United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 13th, 2016, the foregoing supplemental appendix was filed electronically with the Clerk of the Court using the CM/ECF system and a copy was served on counsel for the Appellant by placing a copy in the United States mail, first class and postage prepaid, addressed as follows:

Derek Drennan
Kirk Drennan Law
500 Office Park Drive
Suite 100
Birmingham, AL  35223

and by mailing the original and an additional copy of the supplemental appendix by Federal Express overnight delivery, to the Clerk of this Honorable Court, on the same date, addressed as follows:

Clerk's Office – Appeal No. 15-11928-DD
U.S. Court of Appeals – Eleventh Circuit
56 Forsyth Street NW
Atlanta, GA  30303.

/s/ RAMONA C. ALBIN
Assistant United States Attorney

United States Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203-2101
(205) 244-2001